UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

IN RE:

FREDDY DALE SCROGGINS,　　　　　　　　CASE NO. R04-44522MGD

　　Debtor.

　　　　　　　　　　　　　　　　　　　　　CHAPTER 7

FREDDY DALE SCROGGINS,

　　Plaintiff,　　　　　　　　　　　　　JUDGE DIEHL

v.

CHARTER COMMUNICATIONS, INC.
and AFNI, INC.,

　　Defendants.

**COMPLAINT FOR VIOLATION OF DISCHARGE INJUNCTION**

**I. INTRODUCTION**

1. This is a Complaint for damages, actual, statutory and punitive, brought by plaintiff, Freddy Dale Scroggins, (hereinafter, "Plaintiff"), against the defendants, Charter Communications, Inc., (hereinafter "Charter") and against Anderson Financial Network, Inc., (hereinafter "Afni"), for willful violation of the discharge injunction, 11 U.S.C. §524(a)(2) and 524(a)(3) and for violation of the Fair Debt Collection Practices Act, 15 U.S.C.§1692 et seq. (hereinafter, "FDCPA").

2. Plaintiff seeks damages for defendants' willful violation of the discharge injunction for the defendants' attempted collection of a pre-petition debt.

3. Plaintiff also seeks damages for defendants' violation of the FDCPA wherein the defendants engaged in conduct the natural consequences of which was to oppress or abuse the plaintiff and the defendants used unfair or unconscionable means to collect a pre-petition debt after the plaintiff received a discharge in the above-styled bankruptcy case.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334.

5. Venue before this Court is proper pursuant to 28 U.S.C. §1409.

6. This complaint contains both core and non core proceedings pursuant to 28 U.S.C. §157.

7. Plaintiff, Freddy D. Scroggins, is a natural person residing in Summerville, Chattooga County, Georgia.

## III. PARTIES

8. Defendant, Charter, is a Delaware corporation with its main office located in Missouri. It which regularly does business in the State of Georgia. Plaintiff was a customer of defendant Charter. Defendant's principal place of business is located at 12405 Powerscourt Drive, St. Louis, Missouri, 63131. This

defendant maintains an office located at 120 Georgia Avenue, Summerville, Georgia, 30747, and it maintains a registered agent in the State of Georgia.

9. Defendant, Afni, is an Illinois corporation engaged in the collection of debts from consumers using the mail and telephone. This defendant regularly attempts to collect consumer debts alleged to be due another. Defendant, as such, is a debt collector as defined by the FDCPA. 15 U.S.C. §1692a(6). Defendant's principal place of business is located at 404 Brock Drive, Bloomington, IL, 61701, and it maintains a registered agent in the state of Georgia.

10. The alleged debt was an obligation or alleged obligation of plaintiff to pay money arising out of a transaction primarily for personal, family or household purposes.

### IV. FACTUAL ALLEGATIONS

11. Plaintiff Freddy Dale Scroggins filed a petition in bankruptcy under Chapter 7 of the Bankruptcy Code on December 3, 2004, and received a discharge on March 3, 2005.

12. Plaintiff properly scheduled Charter Communications at 1133 Highway 41, Jasper, Tennessee 37347. The certificate of service shows the account number as 753676. This court's certificate of service shows that both the Notice of Meeting of Creditors and Notice of the Discharge were mailed to that address.

13. The debt (hereafter referred to as the "discharged debt") owed to this creditor was dischargeable in the bankruptcy proceedings and in fact has been discharged.

14. In violation of the bankruptcy discharge and injunction, creditor Charter Communications, Inc. has continued to attempt collection of the debt by either selling its debt to or employing defendant Afni, Inc. to collect this discharged debt.

15. Defendant Afni, Inc. has violated the discharge injunction by attempting to collect a debt which has been discharged in bankruptcy.

16. Defendant Afni has continued to attempt to collect the discharged debt of Charter (See Exhibit "A").

17. Defendant Afni reports debts to credit reporting agencies in the ordinary course of its business.

18. Defendant Afni did in fact report to Equifax Information Services LLC in March, 2006, that plaintiff owed Afni the amount of $390.00 as a collection account purchased from defendant Charter and that the status of the account was "collection account".

19. Defendant Afni sends collection letters as an act to collect debts.

20. Defendant Afni uses the placing a "Past due" or "Charge off" in the customers' credit files as a means to collect past due debts.

21. Defendant Afni in fact collects payments of many debts as a result of placing a "Past Due" or "Charge off" in the consumer's credit file.

22. Placing a "Past due" or "Charge off" in a consumer's credit files is an act to collect debt.

23. When defendant Afni places a "Past due" or "Charge off" in consumer's credit file, it does so with the intention of collecting debt.

24. The credit reporting industry standard protocol METRO 2 directs that accounts discharged in bankruptcy be reported as "Included in Bankruptcy" with no balance.

25. The Federal Trade Commission Commentary on the Fair Credit Reporting Act directs that debts discharged in bankruptcy be reported with a zero balance due to reflect the fact that the consumer is no longer liable for the discharged debt.

26. When defendant Charter places "Included in Bankruptcy" and places a zero balance in a consumers credit file, it renounces any intention to collect the debt.

27. By selling the debt to defendant Afni and allowing the discharged debt to be reported as "collection account" as of March, 2006, defendant Charter did not renounce its intention to collect the debt.

28. By selling the discharged debt and allowing the reporting of the discharged debt as "collection account" as of March, 2006, defendant Charter made an affirmative representation to the credit industry that the debt remained due, owing and legally collectable despite the discharged bankruptcy.

29. By reporting to Equifax Information Services LLC that the discharged debt remained due and owing, defendant Afni intended to use the representation as an act to collect the debt.

30. Reporting that the discharged debt remained due and owing is the type of conduct prohibited by the Bankruptcy Code because it encourages payment in spite of the bankruptcy. It is an attempt to collect the discharged debt.

31. Defendant Afni reports balances on its accounts to credit reporting agencies in the ordinary course of its business.

32. Defendant Afni is aware that the balances it reports influence the conduct of other lenders.

33. Defendant Afni wishes to influence the conduct of other lenders in ways that increases the chances that its accounts will be paid.

34. When defendant Afni reports a balance on its accounts, it does so with the intention of collecting those debts.

## COUNT I - WILLFUL VIOLATION OF DISCHARGE

## INJUNCTION

35. Plaintiff restates herein all previous paragraphs.

36. Defendant Charter received at least two written notifications of the order for relief and the imposition of the automatic stay when it received Notice of Bankruptcy and Notice of the Bankruptcy Discharge.

37. Despite receiving notice regarding the existence of the Chapter 7 bankruptcy case and the subsequent automatic stay, this defendant willfully violated the discharge injunction by selling the debt to a third party debt collector, namely Afni, Inc., rather than placing a notation in the consumer's credit file stating "Included in Bankruptcy" with no balance.

38. Because of defendant Charter's willful violation of the automatic stay and permanent injunction, plaintiff suffered injuries consisting of, but not limited to, emotional distress, transportation costs, out of pocket expenses and miscellaneous other expenses.

39. As a result of the actions and inaction of the defendant Charter, plaintiff has been deprived of part of his fresh start. Plaintiff cannot look forward to a clear field for future endeavor.

40. The public purpose of the bankruptcy code is to restore the normal flow of commerce.

41. Defendant Charter's sale to defendant Afni, and defendant Afni's misrepresentation of the status of the discharged debt interferes with the public purpose of the bankruptcy code.

42. Plaintiff seeks to protect the public interest, as well as his own.

43. Because of the defendant Charter's actions, plaintiff was forced to hire counsel to prosecute this claim. 11 U.S.C. §105 provides that any individual injured by a defendant's willful violation shall recover attorney fees, costs, and in certain circumstances, punitive damages.

44. All of the defendant Charter's conduct rises to the level of willfulness.

## COUNT II – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

45. Plaintiff restates herein all previous paragraphs.

46. Defendant Afni violated 15 U.S.C. §1692d by engaging in "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any debt."

47. Defendant Afni violated 15 U.S.C. §1692e(2) by misrepresenting the legal status of the debt.

48. Defendant Afni violated 15 U.S.C. §1692e(5) by taking action that could not legally be taken.

49. Defendant Afni violated 15 U.S.C. §1692f of the FDCPA by using "unfair or unconscionable means to collect" the pre-petition debt.

50. Defendant Afni violated 15 U.S.C. §1692f(1) by collecting an amount not authorized by law.

**WHEREFORE,** Plaintiff Freddy Dale Scroggins prays this Honorable Court:

**(a) Against defendant Charter:**

1. Find defendant Charter in contempt of this court for the willful violation of the discharge injunction;

2. Order defendant Charter to report to all credit reporting agencies that the discharged debt is "Included in Bankruptcy" and now has $0 balance;

3. Enjoin defendant Charter from reporting the debt as due and owing to any credit reporting agencies at any future time;

4. Award actual damages;

5. Award punitive damages for the Defendants' willful violation of the discharge injunction as afforded by 11 U.S.C. §524;

6. Award reasonable attorney's fees for the discharge violations which were necessitated by the wrongful actions of defendant Charter;

7. Order such other and further relief as may be just.

**(b) Against defendant Afni:**

1. Order defendant Afni to report to all credit reporting agencies that the discharged debt is "Included in Bankruptcy" and now has $0 balance;

2. Enjoin defendant Afni from reporting the debt as due and owing to any credit reporting agencies at any future time;

3. Actual damages;

4. Maximum statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k;

5. Punitive damages for the defendants' willful violation of the discharge injunction as afforded by 11 U.S.C. §524;

6. Costs and reasonable attorney fees pursuant to 11 U.S.C. §105 and 15 U.S.C. § 1692k; and,

7. For such other relief that is just.

RESPECTFULLY SUBMITTED

*/s/ Terry Haygood*
Terry Haygood
Attorney for Plaintiff
State Bar Number 340567

P.O. Box 1393
Rome, GA 30161-1393
706-232-2222
fax 706-234-7574
terryhaygood@terryhaygood.com

P.O. Box 20939
Ferndale, MI 48220

**afni**
404 Brock Drive
P.O. Box 3427
Bloomington, IL 61702-3427

Please remit to Bloomington, IL address

01/31/2006

Afni, Inc. Account #:   010287808-02

Freddy Scroggins
657 Back Berryton Rd
SUMMERVILLE, GA 30747-5055

Original Creditor:   CHARTER COMMUNICATIONS
Creditor Account #:    8353700500019121
Social Security #:     XXX-XX-XXXX

Balance Due:           $390.86

This account has been acquired by our agency for collection. Please return the payment stub below with your payment. We may report information about your account to credit bureaus.

If you have any questions, please contact our office toll free at (866)647-0881 Monday through Thursday 7am - 9pm, Friday 7am - 8pm, or Saturday 8am - Noon CST. For proper credit on your account, please write this number 010287808-02 on your payment.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor. This is an attempt to collect a debt. Any information obtained will be used for that purpose. You have the right to inspect your credit. This letter is from a debt collector.

Sincerely,

Afni, Inc.

---

See Reverse for Afni Privacy Notice.

Please return this portion with your payment
For proper credit please write 010287808-02 on your check.

Afni, Inc. Account #:   010287808-02

Original Creditor:   CHARTER COMMUNICATIONS
Creditor Account #:    8353700500019121
Social Security #:     XXX-XX-XXXX

Balance Due:         $390.86

Please make checks payable to:

Afni, Inc.
404 Brock Dr.
P.O. Box 3427
Bloomington, IL 61702-3427

Freddy Scroggins
657 Back Berryton Rd
SUMMERVILLE, GA 30747-5055

EXHIBIT "A"

(QESP)30:T182:057014:001:0000:06091:

AFNIF1X2

# PRIVACY STATEMENT

Your account was recently acquired by Afni, Inc. As required by federal law, Afni wants to inform you of how we will handle confidential information we obtain about you. The privacy policies and practices described in this notice will apply to current as well as former account holders.

## Information We Collect

Afni, Inc. may collect non public personal information about you from:

- The original creditor
- consumer reporting agencies; and
- third parties who we contact while attempting to locate you.

## Information We Disclose

We do not disclose any nonpublic personal information about you to anyone, except as permitted by law.

## Security

Afni, Inc. restricts access to nonpublic personal information about you to those employees who need to know that information to process this account. Afni, Inc. maintains physical, electronic and procedural safeguards that comply with federal regulations to guard your non public personal information.

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF GEORGIA

COUNTY OF FLOYD

Freddy Dale Scroggins, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney(s) and I believe that all of the facts contained in it are true to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

*/s/ Freddy Dale Scroggins*
Freddy Dale Scroggins

Subscribed and sworn to before me
This 22nd day of May, 2006.

*/s/ Notary*
Notary Public
My Commission Expires: 1/28/08